## ESTATE OF PATRICK LINEHAN.

### No. 5662—Feb. 8, 1875.

SUCCESSION.—Where the decedent leaves him surviving no issue, father, mother, brother, or sister, but does leave a wife and also children of a deceased brother or sister, the wife inherits the entire estate, to the exclusion of nephews or nieces. To enable nephews and nieces to take (by right of representation), there must be a brother or sister surviving to take with them.

Where the widow in such case dies leaving children by a former marriage, such children succeed her in the estate vested in her on the death of the husband.

Construing sections, C. C., 1386, 1403.

*J. F. Finn*, for son and daughter of the widow of deceased by her prior marriage.

*G. W. Tyler*, for nephew and niece of deceased.

Deceased died intestate, leaving a widow, Ellen, but no issue, nor father, nor mother, nor brother, nor sister.   The administrator is a son of a deceased brother of the deceased, and there are children of a deceased sister of the deceased. The widow, Ellen, died, leaving a son and daughter by her prior marriage.

Mr. Finn claims distribution of the entire estate to the son and daughter of the widow, under subdivision 5, Section 1386 of the Civil Code.

Mr. Tyler claims that under subdivision 2 of the same section the nephew and niece of the deceased each take one-fourth of the estate. Subdivision 2 provides that the wife takes one-half, and "if there be no father then one-half, goes in equal shares to the brothers and sisters of decedent, and to the children of any deceased brother or sister, by right of representation."

By the Court: At first view, it would seem to be very plain that the nephew and niece would take; but subdivision 5 provides that "if the decedent leaves a surviving husband or wife and no issue, and no father, nor mother, nor brother, nor sister, the whole estate goes to the surviving husband or wife."

These two provisions can be harmonized only upon the theory that the Legislature intended that in order that nephews or nieces should take (where there is a surviving husband or wife,) that there should be a brother or sister of deceased to take with them. Subdivision 4 expressly applies this theory to another state of facts, and provides, "If the decedent leaves no issue, nor husband nor wife, nor father, and no brother nor sister *is living at the time of his death,* the estate goes to his mother to the exclusion of the issue, if any, of deceased brothers and sisters."

Comparing these various subdivisions, I am of opinion that, as deceased left him surviving no issue, nor father nor mother nor brother nor sister, upon his death the entire estate vested in the wife, and upon her death passed to her son and daughter, subject to the purposes of administration of her estate,